Lillian D. MARTIN, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 01–3272.

United States Court of Appeals, Federal Circuit.

Dec. 6, 2001.

Before GAJARSA, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LINN, Circuit Judge.

### DECISION

PER CURIAM.

Lillian D. Martin appeals from a final order of the Merit Systems Protection Board ("Board") affirming a reconsideration decision of the Office of Personnel Management ("OPM") finding Martin not entitled to a survivor annuity under the Civil Service Retirement Act, as amended, as the former spouse of deceased federal employee Edward Martin. *See Martin v. Office of Pers. Mgmt.*, No. AT–0831–00–0706–I–1, 2001 WL 455867 (M.S.P.B. Apr.19, 2001) (final order). Because Martin has not demonstrated that the Board's decision is in error, we *affirm.*

### BACKGROUND

Edward Martin retired from federal employment effective August 7, 1982. At that time, he was married to the appellant and elected a reduced annuity to provide survivor benefits for the appellant as his spouse. Edward Martin and the appellant were divorced on July 19, 1988; this divorce operated to extinguish Mr. Martin's previous election under 5 U.S.C. § 8339(j)(5)(A) (2000). Neither the original divorce decree nor an order of October 24, 1989 modifying the decree make any reference to a former spouse survivor annuity. Edward Martin died on February 4, 1990.

After Mr. Martin's death, Mrs. Martin applied for former spouse survivor annuity benefits. Her application was rejected by OPM on August 23, 1990. A further handwritten letter explaining that Mr. Martin's retirement benefits terminated with his death was sent by OPM to Mrs. Martin on July 6, 1995.

Mrs. Martin obtained a court order amending the divorce decree on July 10, 1998; this order stated that she was "to continue to remain eligible for Former Spouse Survivors Annuity upon reaching age 55, as the former spouse of Edward Martin." Mrs. Martin then reapplied for former spouse survivor annuity benefits. OPM again rejected her application, partly on the basis that the amended court order was filed and issued with the court after Mr. Martin's death. The Merit Systems Protection Board and this Court upheld the rejection. *See Martin v. Office of Pers. Mgmt.*, No. 99–3453, 2000 WL 194115 (Fed.Cir. Feb.16, 2000).

Mrs. Martin requested reconsideration of OPM's decision, arguing 1) that Mr. Martin did in fact elect to provide her with a survivor annuity in accordance with 5 U.S.C. § 8339(j)(3) (2000), and 2) that OPM did not in any case provide Mr. Martin with notice of his right to elect a survivor annuity for Mrs. Martin as required by 5 C.F.R. § 831.681 (2001). OPM denied reconsideration, and the Board affirmed. *Martin v. Office of Pers. Mgmt.*, No. AT–0831–00–0706–I–1 (M.S.P.B. April 19, 2001) (final order).

Mrs. Martin timely appealed the Board's decision, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## DISCUSSION

The scope of our review of this appeal is limited by statute. *See* 5 U.S.C. § 7703(c) (2000). We must affirm the decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *Id.; Hayes v. Dep't of Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984).

The Board found that "there is no evidence that Edward Martin timely requested a survivor benefit for the appellant as a former spouse within 2 years of his divorce" and that OPM "met its statutory obligation to provide annual notice to Mr. Martin of his election rights and of the applicable procedures associated with those rights." *Martin v. Office of Pers. Mgmt.,* No. AT–0831–00–0706–I–1, slip op. at 4 (M.S.P.B. Oct.19, 2000) (initial decision). For the following reasons, we find the Board's findings of fact to be supported by substantial evidence and its decision otherwise not to be in error.

Regarding the Board's finding that Mr. Martin never made the election of a survivor annuity on her behalf, Mrs. Martin refers to a letter allegedly sent by her ex-husband to OPM in 1988 making such an election. However, she has provided no evidence that such a letter was ever sent. In an affidavit of September 1, 2000, Mrs. Martin's son, Wayne Martin, affirmed that his father had requested "papers" from OPM, apparently with the intention of establishing a survivor annuity, but that "[t]here were no answers from O.P.M.," and by the time his father did receive the papers he had requested, he was too sick to handle any business. On this record, the Board's finding that the required election was not made was supported by substantial evidence.

As to the notice issue, OPM provided an affidavit of Donna G. Lease, who is responsible for administering the contract for printing and distribution of forms and notices for the Retirement and Insurance Service, OPM. Ms. Lease averred that general notices regarding survivor elections were sent to all annuitants in September 1989 and September 1990. The notice sent to Mr. Martin in 1987 is in the record and contains detailed instructions regarding application procedures for survivor annuity benefits. Ms. Lease stated that the mailings from 1986 onward were generated by computer from the same master annuity roll.

The Board's finding that Wayne Martin admitted in his affidavit that his father had received the annual notices was also supported by substantial evidence. He refers to "the papers received [from OPM] in 1988 ... [and] in Jan. and Feb. 1990," and also states that his father "had asked the O.P.M. for papers so that she would draw on his annuity, after she reached a certain age, and after his death ." Also, despite Mrs. Martin's assertions that she herself never received notice from OPM about the possibility of receiving a survivor annuity, a communication sent by OPM to her on August 21, 1989 clearly states that "[c]ourt orders dissolving a Federal/Retiree's marriage ... may ... grant the former spouse a Civil Service Survivor Annuity, payable upon the retiree's demise." On this record, the judgment of the Board that OPM had complied with its statutory obligation to provide annual notice was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

Mrs. Martin also requests attorney fees in the amount of $8,000.00, purportedly under 5 U.S.C. § 7703(a)(2) (2000). As this statute does not govern the grant of attorney fees, however, we will treat Mrs. Martin's request as a request for fees un-

der the Equal Access to Justice Act, 28 U.S.C. § 2412 (1994). This statute mandates that to be eligible for an award of costs a party must have prevailed in its action against the United States. 28 U.S.C. § 2412(d)(1)(A) (1994). Mrs. Martin has not prevailed in her action. Thus, we are bound by the terms of the statute to deny her request for attorney fees.

### CONCLUSION

Because no error has been shown in the Board's decision, we *affirm*.